# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:09 CR 43 |
| | ) |
| STANTON CEPHUS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the: (1) Petition to Unseal Documents and Information Re: Warrant and Portions of Grand Jury Proceedings, filed by Defendant, Jovan Stewart, on February 11, 2013 (DE #441); and (2) Objection to - And Motion for Overall Denial of Second Motion for Extension of Time By The United States of America, filed by Defendant, Jovan Stewart, on March 21, 2013 (DE #451). For the reasons set forth below, the motion for documents and information (DE #441) is **DENIED** and the motion for denial of extension of time (DE #451) is **DENIED AS MOOT**.

BACKGROUND

Defendant, Jovan Stewart, has asked the Court for a copy of, and an order unsealing the following information related to this case:

> (1) any and all Search and Arrest Warrants ever issued; (2) Any and all Informations, Statements, Affidavits, Complaints and any

> other evidence supporting and causeing [sic.] any Search and Arrest Warrant ever issued; (3) Any and all verbatim transcripts, notations or etc., of the telephonic communications or of testimony[s] taken, written or recorded of any person, Agent or officer at any hearing or etc., conducted for consideration or otherwise resulting in the decision to issue any Search or Arrest Warrants regarding the Defendant, Jovan Stewart . . . and Co-Defendants Justin Phillip Cephus . . . Stanton Landry Cephus . . . Haneef Jackson-Bey . . . and Delbert Patterson . . . which insinuates Defendant Stewart having committed and/or conspiring with said Co-Defendants to commit any crimes against the United States and its Criminal Codes. . . [and] (1) Portions of the Grand Jury Proceedings relating to any evidence presented to the Grand Jury on, around or about March 5th, 2009 and July 2nd, 2009 . . . or any other form of evidence of any kind which resulted in an indictment against the Defendant, Jovan Stewart and all above named Co-Defendants . . . .

(DE #441, pp. 1-2.) Stewart states he needs this information because he "intends to submit [a] § 2255 motion to this court." *Id.* at 3. After receiving two extensions of time, the Government timely filed a response in opposition on March 22, 2013 (DE #452). One day before that, Stewart filed an objection to the Government's motion for extension of time, and included in that motion arguments in support of his petition for documents. (DE #451.) The Court has considered the arguments set forth by Stewart in his objection (DE #451); but to the extent he objected to the Government's receipt of an extension of time to file its response, that objection is **DENIED AS MOOT**.

The Court notes that Stewart previously filed a motion to

2

compel (DE #423), requesting his appellate court appointed attorney to provide him with his case file and transcripts. The attorney responded that he sent Stewart copies of transcripts and court records, and after discussing with him that many of the documents were not pertinent to him, Stewart withdrew his request for the remainder of the court documents. (DE ##429, 430.)

DISCUSSION

Defendants do not have a constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413-14 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted all other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2), which includes a certified copy of the prisoner's trust fund account for the previous six-month period prior to the filing of his motion), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See Id.*, 28 U.S.C. § 753(f); *United States ex rel. Davidson v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *United States v. Zawada*, No. 3:06-CR-120, 2009 WL 1863982, at *2

3

(N.D. Ind. June 25, 2009); *United States v. Reed*, No. 93-cr-40050-JPG, 2010 WL 2990096, at *1 (S.D. Ill. July 27, 2010).

Stewart's general request for all information, statements, affidavits, any other information supporting any search and arrest warrant ever issued, and any form of evidence resulting in the indictment against him or any of his co-defendants must be denied as too vague for the Court to determine what copies he is seeking. Stewart has no section 2255 motion pending before this Court, and the Court is unable to certify that he is pursuing a matter that is not frivolous or that the requested information or documents are needed to decide the issue or issues presented by such a matter. *See United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998) (motion for free transcript not ripe until filing of § 2255 challenge to sentence). Other courts concur that the defendant must first have a section 2255 application pending before requesting documents from the Court. *See, e.g., United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970); *United States v. Lewis*, No. 94-3158, 1994 WL 563442, at *1-*2 (10th Cir. Oct. 14, 1994).

Regarding Stewart's request for grand jury transcripts for the evidence presented on March 5, 2009, and July 2, 2009, he has not satisfied the rigorous standard to obtain such material that is ordinarily kept secret. Our judicial system has recognized that

4

the proper functioning of grand jury proceedings depends upon their absolute secrecy. *See Douglas Oil Co. Of California v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979). Federal Rule of Criminal Procedure Rule 6(e) codifies the rule that grand jury proceedings should be kept secret. *See* Fed. R. Crim. P. 6(e). "[P]arties seeking disclosure of grand jury transcripts must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Matter of Grand Jury Proceedings, Special Sept., 1986,* 942 F.2d 1195, 1198 (7th Cir. 1991) (citing *Douglas Oil Co.*, 441 U.S. at 222). Grand jury secrecy may not be broken except where the party seeking disclosure can show a "compelling necessity" or a "particularized need." *Id.* Our circuit has held that "[i]n determining whether disclosure of grand jury matters is appropriate in any given case, a court must exercise substantial discretion, weighing the need for secrecy against the need for disclosure of specified documents and testimony occurring before the grand jury." *Matter of Grand Jury Proceedings, Miller Brewing Co.,* 687 F.2d 1079, 1088 (7th Cir. 1982) (superseded on other grounds)(citing *Douglas Oil Co.*, 441 U.S. at 223-24).

Here, Stewart argues he needs the grand jury transcript of victim B.G. because she "conceded at trial that her Grand Jury

5

testimony implicating Defendant Stewart, etc. in actions affecting interstate transportation in the crimes alleged was false." (DE #441, p.5.) Stewart attaches four pages from B.G.'s trial testimony. However, as the Government has indicated, B.G. never testified at trial that her grand jury testimony was false. Moreover, the trial testimony attached by Stewart shows that defense counsel elicited on cross examination of B.G. two facts – who drove the car to a particular prostitution call and whether Defendant Stewart was present. At first, at trial, B.G. testified that Stewart was not present during that particular drive (which was different than her grand jury testimony), but B.G.'s memory was refreshed by defense counsel on cross examination and she testified that her grand jury testimony was accurate, and that Defendant Stewart was present at that prostitution call. (DE #441, p. 12.) Her memory was also refreshed by Government counsel on re-direct as to when she had driven the car that day. (DE #452-1.) Thus, Defendant's claim that he needs the grand jury testimony of B.G. or other witnesses to "support, identify and expose Fraud resulting in manifest injustice as to convictions against him, unidentified or otherwise abandoned by his trial/appellate counsel" (DE #441, p. 6) is not supported by anything in the record. Stewart has failed to demonstrate a particularized need for the grand jury testimony. *See, e.g., United States v. Edelson*, 581 F.2d 1290, 1291 (7th Cir. 1978) (finding a defendant seeking the production of grand jury

6

transcripts must do more than make general unsubstantiated or speculative allegations of impropriety to prevail under Rule 6(e)(3)(c)(ii) (the former rule)). Rather, Stewart seems to be fishing for anything helpful to his cause. "The secrecy of a grand jury proceeding is not to be pierced by such a slender reed: a mere possibility of benefit does not satisfy the required showing of particularized need." *Matter of Jury Proceedings*, *Special Sept., 1986*, 942 F.2d at 1199 (citations omitted); *see also United States v. Lisinski*, 728 F.2d 887, 893 (7th Cir. 1984) (unsupported speculation that insufficient evidence was presented to the grand jury to sustain the indictment failed to overcome presumption of secrecy).

Additionally, Stewart's conviction at trial moots any attack he now may be trying to make on the sufficiency of the evidence presented to the grand jury. *See United States v. Rosario*, 234 F.3d 347, 352 (7th Cir. 2000) (noting any such error in the presentation of evidence before the grand jury would be harmless given the jury conviction at trial which indicates a proper grand jury proceeding would have still yielded an indictment). Finally, Stewart has not shown that he exhausted all other means to access B.G.'s grand jury testimony. The Government states it turned over to defense counsel at trial all Rule 16, Brady and Jencks Act discovery material, including a redacted copy of B.G.'s grand jury testimony (to keep the identify of each victim safe). (DE #452, p.

4.) Additionally, it is evident from the trial testimony attached to Stewart's motion that defense counsel did indeed have such grand jury testimony, as he referred to it at trial when cross-examining B.G. (DE #441, p. 12.)

Stewart has given the Court no reason to disturb the protective order in this case that applies to all parties and counsel. (See DE #26.) Because this case involves sensitive and identifying information relating to the victims in this case, the Court will not unseal documents or information.

CONCLUSION

For the aforementioned reasons, the Petition to Unseal Documents and Information Re: Warrant and Portions of Grand Jury Proceedings, filed by Defendant, Jovan Stewart, on February 11, 2013 (DE #441), is **DENIED**. Additionally, the motion for denial of extension of time (DE #451) is **DENIED AS MOOT**.

DATED: April 9, 2013        /s/ RUDY LOZANO, Judge
                                            **United States District Court**