IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:09 CR 43 |
| ) | |
| STANTON CEPHUS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **OPINION AND ORDER**

This matter is before the Court on the "Objection: Motion for Reconsideration Re: April 9th 2013 Court Order," filed by Defendant, Jovan Demont Stewart, on April 23, 2013 (DE #456). For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

Stewart moves this Court to reconsider its order dated April 9, 2013 (DE #453), which denied Stewart's "Petition to Unseal Documents and Information Re: Warrant and Portions of Grand Jury Proceedings," filed on February 11, 2013 (DE #441). In the instant motion, Stewart argues he did try to obtain certain documents, but was unsuccessful because they are sealed, and argues that his request for documents is not vague because he is seeking:

> [T]he entire context of all informations ever obtained, produced, and presented to cause an arrest and/or search warrant in this cause, and

1

>       evidence logs and chronological report[s]
>       describing the sought and seized evidence, and
>       describing each event of investigation to obtain,
>       produce and present such informations or evidence.
>       . . . [and] all testimonial and physical evidence,
>       to include all testimony of all any witness,
>       victim, law enforcement officer or Agent, Attorney,
>       United States Attorney, Assistant United States
>       Attorney or any other person, which was used to
>       persuade the Grand Jury to issue an indictment or
>       supercedent indictment.

(DE #456, pp. 5-6.)

## DISCUSSION

The purpose of a Rule 59(e) motion is to bring to the court's attention "a manifest error of law or fact, or newly discovered evidence." *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Id.* (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). It is not intended as an opportunity to reargue the merits of a case. *See Neal v. Newspaper Holdings, Inc.* 349 F.3d 363, 368 (7th Cir. 2003) (affirming district court's decision to deny appellants' Rule 59(e) motion to alter or amend judgment where plaintiff simply reargued the merits of his case); *see also Ahmed v. Ashcroft*, 388 F.3d 247,

249 (7th Cir. 2004) ("A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind."). Moreover, the moving party must "clearly establish" a manifest error of law or an intervening change in the controlling law or present newly discovered evidence to succeed under Rule 59(e). *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001).

In this case, reconsideration is not warranted. Stewart merely rehashes arguments that he already made in the first motion. He puts forth no new evidence. The Court has already indicated that the Government (after receiving two extensions of time) timely filed an objection to Stewart's original motion, which this Court properly considered in its analysis. The Court thoroughly analyzed Stewart's request for the above-referenced information and documents and concluded it could not certify Stewart was pursuing a matter not frivolous or that the requested information was needed to decide a specific issue in his alleged section 2255 motion, which he has not yet filed, and cited case law finding the defendant must first have a section 2255 application pending before requesting documents from the Court. *See, e.g., United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970); *United States v. Lewis*, No. 94-3158, 1994 WL 563442, at *1-*2 (10th Cir. Oct. 14, 1994).

3

Additionally, the Court found Stewart's request for grand jury evidence and transcripts did not meet the rigorous test to obtain that material, given its usual secrecy. *See, e.g., United States v. Edelson*, 581 F.2d 1290, 1291 (7th Cir. 1978) (finding a defendant seeking the production of grand jury transcripts must do more than make general unsubstantiated or speculative allegations of impropriety to prevail under Rule 6(e)(3)(c)(ii) (the former rule)). And finally, the Court noted that Stewart's conviction at trial moots any attack he now may be trying to make on the sufficiency of the evidence presented to the grand jury. *See United States v. Rosario*, 234 F.3d 347, 352 (7th Cir. 2000) (noting any such error in the presentation of evidence before the grand jury would be harmless given the jury conviction at trial which indicates a proper grand jury proceeding would have still yielded an indictment).

The Court stands by its previous ruling; therefore, the instant Motion to Reconsider is **DENIED**.

**DATED: May 1, 2013**             /s/ RUDY LOZANO, Judge
                                   **United States District Court**

4