**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | NO. 2:09-cr-43 |
| | ) | 2:13-CV-454 |
| JOVAN DEMONT STEWART, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the: (1) "Motion for Recusal of United States District Court Judge Rudy Lozano," filed by the Petitioner, Jovan Demont Stewart, on April 7, 2015 (DE #618); and (2) "Petition for Intervention of the Chief United States District Judge Phillip [sic.] P. Simon for Recusal and Reconsideration Purposes Under Extraordinary Circumstances," filed by Petitioner, Jovan Demont Stewart, on April 7, 2015 (DE #619). For the reasons set forth below, both motions (DE ##618, 619) are **DENIED**.

This Court has already denied Stewart's motion under 18 U.S.C. § 2255 (DE #601), declined to issue a certificate of appealability, and denied his motion for reconsideration (DE #610). Even if this Court still has jurisdiction, 28 U.S.C. section 144 provides that whenever a party files a "timely and sufficient affidavit" that the

judge of the party's case has a "personal bias or prejudice," the case shall be assigned to a different judge. 28 U.S.C. § 144. The bias must be personal rather than judicial, and "[t]he facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993). The affidavit must show a personal bias "and that it stems from an extrajudicial source- some source other than what the judge has learned through the participation in the case." *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985) (citation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion." *Liteky v. United States*, 510 U.S. 540, 541 (1994).

Stewart has not met the statutory requirements. First, Stewart did not file an affidavit. Second, Stewart has not shown that any alleged personal bias stems from an extrajudicial source. This Court's rulings in this case do not, by themselves, constitute a reason to recuse or a reason for another judge to intervene. Therefore, the Motion to Recuse (DE #618) and Motion for Intervention (DE #619) are **DENIED**.

**DATED:     April 8, 2015            /s/ RUDY LOZANO, Judge**
**                                     United States District Court**

2