UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:09-CR-43-2-TLS-PRC |
| JOVAN DEMONT STEWART | |

## OPINION AND ORDER

This matter is before the Court on Defendant Jovan Demont Stewart's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) [ECF No. 737] and his Motion to Appoint Counsel Pursuant to 18 U.S.C. § 3006(A) for Compassionate Release [ECF No. 738]. For the reasons set forth below, the Defendant's motions are DENIED.

## BACKGROUND

On November 20, 2009, after a ten day trial, a jury returned a guilty verdict on Counts 1, 3, 6, 7–14, 18, 20, and 21 of the Superseding Indictment, which generally charged the Defendant with conspiring to use and using force, fraud, and coercion to cause several individuals—including minors as young as sixteen—to engage in prostitution. *See* ECF Nos. 35, 205. On December 7, 2010, the Court sentenced the Defendant to 60 months imprisonment on Count 1, 120 months imprisonment on Counts 7, 9, 11, 13, 20, and 21, and life imprisonment on Counts 3, 6, 8, 10, 12, 14, and 18, all to run concurrently. *See* ECF No. 342. Further, the Court sentenced the Defendant to a five-year term of supervised release on Counts 3, 6–14, 18, 20, and 21, and a three-year term of supervised release on Count 1, all to run concurrently. *See id.*

The Defendant has now filed a Motion for Compassionate Release [ECF No. 737] and a Motion to Appoint Counsel [ECF No. 738]. The Court referred the Defendant's motion to the Federal Community Defenders Office, but the Federal Community Defenders Office filed a

Notice of Non-Representation. *See* ECF Nos. 739, 740. The Government has filed its Response [ECF No. 742], and the Defendant has filed his Reply [ECF No. 746].

## ANALYSIS

The Defendant asks the Court to modify his sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), based on certain health risks associated with the ongoing Covid-19 pandemic and his family circumstances. The Seventh Circuit has explained that "[u]nder 18 U.S.C. § 3582(c)(1)(A), a court may release a prisoner for compassionate reasons only if, after considering the factors set forth in section 3553(a), it finds extraordinary and compelling reasons." *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (internal quotation marks omitted). The Seventh Circuit has also clarified that "[b]ecause of the importance of the § 3553(a) factors, courts are not compelled to release every prisoner with extraordinary and compelling health concerns. *Id.* (citing *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020)). The § 3553(a) factors require the Court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

   (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

     (i)  issued by the Sentencing Commission pursuant to section 944(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

     (ii)  that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

   (B)  in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

 (5)  any pertinent policy statement—

   (A)  issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

   (B)  that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

 (6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

 (7)  the need to provide restitution to any victims of the offense.

18 U.S.C § 3553(a).

  The Defendant claims that extraordinary and compelling reasons warrant his release. Specifically, he argues that, because he is African American, is morbidly obese, has a bad kidney, and has contracted and recovered from Covid-19, he faces a higher risk of suffering

complications if he were to contract Covid-19 for a second time and that, due to his obesity, he cannot provide care for himself in prison. He also argues that the BOP institution at which he is currently incarcerated is experiencing a Covid-19 outbreak. Finally, he argues that he should be released because he is the only available caregiver for his sister.[1] The Court concludes that an extraordinary and compelling reason warranting the Defendant's release does not exist, and even if it did, the Defendant's release is not consistent with the § 3553(a) factors.

### A.     Covid-19 and the Defendant's Health Concerns

Courts have unanimously agreed that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). However, § 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions. *See United States v. Downing*, No. 18-cr-40037, 2020 WL 2789790, at *2 (C.D. Ill. May 29, 2020) ("[A] prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." (quoting *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020))). A medical condition can also justify compassionate release if it substantially diminishes the defendant's ability to provide self-care within a correctional facility and the defendant is not

---

[1] Seemingly, the Defendant's argument that he cannot care for himself due to his obesity stands in the way of his argument that he should be released so he can care for his sister. The Court, however, will consider both arguments separately.

4

expected to recover from the condition. *See United States v. Custer*, No. 1:15-CR-33, 2021 WL 1549748, at *2 (N.D. Ind. Apr. 20, 2021).

In this instance, the Defendant's Motion argues that his facility is experiencing an outbreak and that he is more susceptible to Covid-19 complications because he is African American, is morbidly obese, has a bad kidney, and has already contracted and recovered from Covid-19. The Defendant's Motion ignores the numerous safety measures that have been taken by the BOP since the beginning of the pandemic, including those implemented at his facility. *See* Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited July 23, 2021). It also ignores that the BOP is working with the CDC and the Federal Government's COVID-19 Vaccine/Therapeutics Operation to ensure the BOP is prepared to receive and administer the Covid-19 vaccination. *Id.* Although the Defendant claims his facility is experiencing a Covid-19 outbreak, there were no active inmate cases and 69 active staff cases of Covid-19 when the Government filed its Response and there are no active inmate cases and only 1 active staff case of Covid-19 at this time. *Id.*; Gov't's Resp. 17, ECF No. 742.

Although the Defendant claims that he is suffering from various health complications, he has presented no evidence demonstrating that his medical conditions are not being appropriately managed and treated. *See* Def.'s Mot. 11, ECF No. 737 ("[C]onsultation with USP Tucson's medical department, confirms your medical condition is being appropriately managed and treated."). Even when considering the complications created by the Covid-19 pandemic, courts routinely deny compassionate release requests based on the health concerns expressed by the Defendant, *see, e.g.*, *United States v. Rivera*, No. 2:17-CR-43, 2021 WL 568024, at *3 (N.D. Ind. Feb. 16, 2021) (denying compassionate release for an individual who already contracted and recovered from Covid-19); *United States v. Wilson*, No. 1:08-CR-67, 2020 WL 6728964, at *3 (N.D. Ind. Nov. 16, 2020) ("[R]ace itself is generally not considered a risk factor." (citing

5

cases)); *United States v. Pena*, No. 2:15-CR-72, 2020 WL 3264113, at *3 (N.D. Ind. June 17, 2020) (denying compassionate release for an individual suffering from obesity and sleep apnea and who had a history of kidney failure and a family history of cancer and diabetes), and the Defendant has not convinced the Court that his motion should be resolved differently. At this time, the Defendant has demonstrated only speculation that he may contract the virus, which is insufficient to warrant release.

The Defendant's Motion also argues that his obesity impairs his ability to provide self-care while he is incarcerated. However, the Defendant does not explain how his obesity impairs his ability to provide self-care and does not present any evidence to demonstrate that he is unable to care for himself. Accordingly, the Defendant's has not demonstrated that his obesity is an extraordinary and compelling reason warranting his release.

**B.     The Defendant's Family Circumstances**

It is well established that family circumstances can warrant compassionate release; specifically, in instances of "death or incapacitation of the caregiver of the defendant's minor child or children," or "the incapacitation of the defendant's spouse or partner when the defendant would be their only caregiver." *See United States v. Rodriguez*, No. 2:18-CR-145, 2020 WL 5627451, at *2 (N.D. Ind. Sept. 21, 2020) (citing United States Sentencing Guidelines § 1B1.13 cmt. n.1). The Defendant argues that he should be released because his sister's health condition renders her unable to care for herself and he is her only available caregiver.

Although the Government argues that needing to care for a sibling does not qualify an individual for compassionate release, Gov't's Resp. 19, reaching such a conclusion on this issue is unnecessary to resolve the instant motion, and, thus, the Court is unwilling to make such a holding, *see United States v. Wooten*, No. 3:13-CR-18, 2020 WL 6119321, at *4 n.3 (D. Conn. Oct. 16, 2020) ("Admittedly, [the defendant] does not cite (and I am unaware of) any case in

which a court has held that a defendant's status as the only available caregiver for his incapacitated sibling contributed to 'extraordinary and compelling reasons' warranting that defendant's release. But I see no principled reason to distinguish between a defendant's sister and a defendant's parent in that regard."); *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020) (denying relief but recognizing that "the Government's argument [that an ill parent does not fall within the Family Circumstances category] ignores the fact that a court may find that there exists an extraordinary and compelling reason other than those specifically enumerated in the Application Notes to § 1B1.13").

To support his argument, the Defendant submitted the Declaration of Michael W. Lutts. The Declaration indicates that "Ms. Stewart will need adult care," and that "Ms. Stewart has no one to care for her except for her brother Jovan Stewart who is currently incarcerated at this time." Ex. 18 Decl. Michael W. Lutts, 28, ECF No. 737. The Declaration, however, does not indicate whether Michael Lutts is Ms. Stewart's health care provider or whether he is familiar with the current status of her medical condition. Further, the Declaration does not detail whether Michael Lutts is familiar with Ms. Stewart's familial and personal relationships, such that he knows the Defendant is her only available caretaker. Based on this Declaration, the Court has insufficient information to determine whether the Defendant's sister is currently in need of care and, if so, that the Defendant is her only available caretaker.

The Court notes that the Defendant has presented claims and evidence that is contradictory to his argument that he is the only available caretaker for his sister. The Defendant, in his Reply, insists that he has "an extensive network of family," including a brother and two sisters, who would support him upon release. Def.'s Reply 17, ECF No. 746. This would suggest that the Defendant's sister may also have "an extensive network of family" that could care for her. The Defendant has also submitted a letter from his sister to support his request for relief.

Def.'s Reply Ex. 4 at 22, ECF No. 746-1. In this letter, the Defendant's sister does not indicate that she needs her brother to care for her and identifies that the Defendant is not her only sibling. *See id.* This suggests to the Court that the Defendant's sister does not currently need a caretaker, and, even if she did, she could be cared for by other family members. Accordingly, the Court concludes that, at this time, the health of the Defendant's sister does not warrant the Defendant's release.

C.     **Section 3553(a) Factors**

Even if the Defendant's cited reasons were sufficient to justify his release, the Court could only release him if his release is consistent with the § 3553(a) factors. In this instance, the § 3553(a) factors clearly indicate that release is inappropriate. The first factor, the nature and circumstances of the offense, as well as the second factor, the need to reflect the seriousness of the offense and to provide just punishment for the offense, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of the Defendant, clearly demand that the Defendant's motion be denied. The Defendant's offense involved sex trafficking and some of his victims were minors. His conduct was grotesque and will undoubtedly impact his victims and their families for the remainder of their lives. As the Government explains in its brief, courts across the country have denied release for defendants who committed similar offenses to Defendant Stewart, despite the fact that they had more severe health conditions. *See, e.g.*, *United States v. Justis*, No. 15-416, 2020 WL 4365596, at *1, 3–5 (E.D. Pa. July 29, 2020) (explaining that "[c]ourts have been reluctant to grant compassionate release requests to individuals convicted of crimes involving sex trafficking [of] minors," and denying compassionate release for a defendant convicted of sex trafficking of a minor, despite the fact that the defendant was at a higher risk of suffering complications from Covid-19 because he allegedly had asthma, high blood pressure, high cholesterol, and cardiac artery disease);

*United States v. Schultz*, No. 17-CR-193S, 2020 WL 2764193, at *1, 7–8 (W.D.N.Y. May 28, 2020) (concluding that the defendant, who was convicted of attempted receipt of child pornography, presented a danger to the community if released and denying his request for compassionate release despite the defendant being at a higher risk of suffering complications from Covid-19 because he allegedly had asthma); *United States v. Fischer*, No. 14-0595, 2020 WL 2769986, at *1, 5–6 (D. Md. May 27, 2020) (denying compassionate release for a defendant who was convicted of transporting a minor with intent to engage in criminal sexual activity despite the defendant being at a higher risk of suffering complications from Covid-19 because he allegedly had liver disease, kidney problems, and hypertension).

The Defendant claims he has been rehabilitated, but nothing before the Court demonstrates that his rehabilitation is complete. The only evidence the Defendant has provided of his rehabilitation are certificates indicating that he has earned his G.E.D., completed the drug education program, and completed the following courses: "inside out dad, typing, abdominals course, aerobics class, cosmetology, drivers education, G.E.D. math, aerobics II, foodtruck, [and] financial peace." Def.'s Mot. 8, 14–25. Although the Court commends the Defendant for engaging in the opportunities offered by the BOP, the Defendant's recent progress does not overcome the seriousness of the Defendant's conviction.

The Defendant argues that "district courts across the country have <u>GRANTED</u> compassionate release for people with much more serious offence conducts due to the risk of Covid-19 and some with multiple <u>life</u> sentences," and cites several cases in an attempt to support his contention. Def.'s Reply 14. The cases the Defendant has provided can easily be distinguished from this case. Specifically, the Defendant cites *United States v. Brown*, *United States v. Curtis*, *United States v. Sanchez*, and *United States v. Stanley Hunt*.

In *United States v. Brown*, the defendant received compassionate release due to the pandemic despite being sentenced to 300 months imprisonment for kidnapping, transporting a minor with intent to engage in criminal sexual activity, and sex trafficking of children by force, fraud, or coercion. No. 5-80101, 2020 WL 5993230, at *1 (E.D. Mich. Oct. 9, 2020). In *Brown*, the defendant's crime, although serious, involved only one victim and he did not receive a life sentence. *Id.* at *1–4. Therefore, the *Brown* defendant committed a less severe crime and received a shorter sentence than Defendant Stewart. Additionally, the Government in *Brown*, unlike in this case, conceded that the defendant's health constituted an extraordinary and compelling reason warranting his release. *Id.* at *3. Based on this, *Brown* does not support the Defendant's release.

In *United States v. Curtis*, the defendant, similar to Defendant Stewart, was found guilty of numerous federal offenses arising out of a sex-trafficking operation involving minors. No. 3-533, 2020 WL 1935543, at *1 (D.D.C. Apr. 22, 2020). However, unlike Defendant Stewart, the defendant in *Curtis* was "confined to a bed or wheelchair," had "lost 85% of his vision," and "require[d] assistance with even the simplest tasks of every life." *Id.* at *5. In that case the court did "not deny the metaphysical possibility that a person in such condition might commit further crimes," but recognized that "to suggest the possibility is high or even middling would be to ignore reality." *Id.* Accordingly, *Curtis* does not support the Defendant's release.

In *United States v. Sanchez*, the defendant, like Defendant Stewart, was serving a life sentence. No. 95-00421, 2020 WL 3581631, at *1 (S.D. Fla. Apr. 27, 2020). However, the similarities end there, as his conviction was related to marijuana trafficking and he had "served almost a quarter of a century behind bars" and was 76 years old. *Id.* at *2. *Sanchez* is in no way comparable to this case and does not support the Defendant's release.

Finally, the Defendant cites to *United States v. Stanley Hunt*. Defendant Stewart claims that in this case, a defendant was granted compassionate release despite committing "offenses that included kidnapping a 30-year old female victim at gun point in Virginia, taking her to a basement in D.C., gang-raping and sodomizing her, and lighting matches to the area where she was assaulted, and where the instant offense was his sixth adult arrest and conviction." Def.'s Reply 14–15. The citation provided by the Defendant is *United States v. Stanley Hunt*, No. 1983 FEL 000679 (Aug. 15, 2020) (O'Keefe J.). The Court is unaware of such a case. Assuming it exists, the case does not support the Defendant's release. Although the defendant in *Hunt* committed a heinous offense, the offense, as it is described by the Defendant, involved only one victim and did not involve minors. Accordingly, this case does not support release.

Based on the above, the Court concludes that the § 3553(a) factors do not warrant compassionate release.

**D.   Motion to Appoint Counsel**

It is well established that there is no constitutional right to counsel to aid in the pursuit of compassionate release under 18 U.S.C. § 3582(c). *United States v. Filbey*, No. 2:13-CR-26, 2020 WL 3468181, at *1 (N.D. Ind. June 25, 2020). While it is the Court's practice to recruit counsel for defendants seeking compassionate relief due to the Covid-19 pandemic, *see* General Order 2020-11, this practice does not entitle the Defendant to counsel. The Court has already attempted to recruit counsel; however, the Federal Community Defenders have indicated that they are "unable to assist the defendant." Notice, ECF No. 740. The Defendant claims he needs an attorney because he is unable to access the law library. The Court recognizes that "prisoners are entitled to access a prison law library or other legal materials only to the extent necessary to ensure that the prisoner's access to the courts, and his ability to litigate any potentially meritorious challenge to his conviction, sentence, or conditions of confinement, is not prejudiced

by lack of access to such materials." *United States v. Beach*, No. 2:11-CR-47, 2020 WL 3991174, at *4 (N.D. Ind. July 15, 2020). The Defendant, after filing his Motion to Appoint Counsel, filed a Reply that included numerous caselaw citations. The Defendant clearly has access to sufficient legal materials such that his ability to litigate his motion has not been prejudiced. Accordingly, the Defendant has not demonstrated that appointed counsel is necessary, and his motion must be denied.

## CONCLUSION

For the foregoing reasons, the Court DENIES the relief requested in Defendant Jovan Demont Stewart's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) [ECF No. 737] and his Motion to Appoint Counsel Pursuant to 18 U.S.C. § 3006(A) for Compassionate Release [ECF No. 738]. The Motion is denied without prejudice and with leave to refile should there be a change of circumstances involving the Defendant.

SO ORDERED on July 23, 2021.

                                              s/ Theresa L. Springmann
                                              JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT